# FEDERAL PUBLIC DEFENDER
DISTRICT OF NEW JERSEY

K. ANTHONY THOMAS, FEDERAL PUBLIC DEFENDER

1002 BROAD STREET • NEWARK, NEW JERSEY 07102 • (973) 645-6347

---

May 17, 2023

James Graham
Assistant U.S. Attorney
U.S. Attorney's Office
District of New Jersey
970 Broad Street
Newark, New Jersey 07102

      Re: *United States v. Samuel Mancini,* Docket No. 22-cr-253-CCC

Dear Mr. Graham:

    I am writing to you regarding the € 2.8 million currently being held by the Italian bicycle helmet company, Limar, that is associated with the criminal docket above. As your office is aware, the money was paid to Limar by Mr. Mancini's company, OCP, in an attempt to acquire the helmet company in 2020-21. Limar has indicated on numerous occasions that it intends to return the money not subject to forfeiture for breach of contract, however, due to the dissolution of the companies associated with Mr. Mancini and the pending criminal and SEC cases, Limar has yet to return the funds.

    Our office has been in contact with the attorney for Limar in Italy, Paolo Brugnera, in an attempt to have Limar return the money. Mr. Brugnera has provided a list of conditions under which Limar will release the money. Those conditions are listed below:

    (1)    A settlement agreement governed by Italian Law and subject to the Italian Jurisdiction, is executed among OCP Italia srl, Sam Mancini, Gyant Properties LLC, OCPITALUS LLC, OCP ITALIA FUND LLC (OCP Companies) according to which Sam Mancini and the OCP Companies waive any claim against Limar and its shareholders, directors, advisors and employees in connection with the proposed acquisition of Limar;

    (2)    the restitution payment is made on a bank account controlled by the Court or specifically indicated in the Court order; and

(3)  the SEC is informed of the matter and does not raise objections to the restitution.

Given that the request by Limar involvs matters of civil and international law, our office is limited in our ability to assist Mr. Mancini in securing the return of the funds in question. However, as the return of those funds has direct bearing on the criminal case for which we represent Mr. Mancini, our office is requesting the assistance of the U.S. Attorney's Office to secure the return of the funds in question. As part of the sentencing memo filed on behalf of our client, we included a proposed order for Judge Cecchi's signature ordering Limar to return the funds which could be modified by yoru office to meet the requests of Limar listed above. The return of the money effects the resitution amount that will be owed by Mr. Mancini as a result of his guilty plea and we therefore request that steps be taken to secure the money prior to proceeding to sentencing in this case.

I thank you for your time and attention to this very important matter. A always, please let me know if your office has any questions or concerns.

Respectfully submitted,

Timothy C. Donahue
Assistant Federal Public Defender

CC:
James Graham , AUSA (via e-mail & ECF)
Sam Mancini (via USPS)