

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---
*James H. Graham*                      *970 Broad Street, 7th floor*        *Phone: 973-645-2700*
*Assistant United States Attorney*        *Newark, New Jersey 07102*

May 25, 2023

Timothy C. Donahue
Assistant Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102

       Re:     **United States v. Samuel J. Mancini** (22-cr-253)

Dear Mr. Donahue:

       I write in response to your letter, dated May 17, 2023, which relates to approximately € 2.8 million (the "Funds") that your client misappropriated from his victims, and which are currently held by an Italian cycling company (the "Italian Company") at a bank in Italy. In your letter you explain that the "return of the money effects [sic] the restitution amount that will be owed by Mr. Mancini." Your letter goes on to state that because of the complexities of having the Funds released, the U.S. Attorney's Office for the District of New Jersey (the "Office") should take various steps "to secure the money prior to proceeding to sentencing in this case." In essence, you are demanding that the Office pursue the release of these Funds, and unless and until the Office succeeds in that endeavor, you will oppose moving forward with sentencing. That demand places an inappropriate burden on the Office and, most importantly, is not a reasonable or appropriate basis to further delay sentencing in this matter.

       First, sentencing should not be further delayed until the resolution of a matter that, as you state, merely "effects the restitution amount that will be owed by Mr. Mancini." Like any case involving restitution, a restitution order will be entered that reflects the amount Mr. Mancini owes to his victims. If at the time of sentencing the € 2.8 million remain in Italy, that amount will be included in the restitution total. If and when the € 2.8 million are released and returned to the victims, the restitution number will be reduced accordingly. Instead, you argue that sentencing should be delayed indefinitely until the Funds have been recovered. That makes no sense. And most importantly, it would be unjust to the victims of your client's crimes—victims who have been waiting years for an outcome—if they were forced to wait indefinitely while these "matters of civil and international law" are resolved.

       Alternatively, while the Government believes the Court can and should move forward with sentencing and simply issue a restitution order that reflects the full amount owed by Mr. Mancini, with that amount lowered if and when the € 2.8 million is returned to the victims, another option would be to hold a separate restitution hearing after sentence is imposed. Indeed, the Mandatory

Victims Restitution Act (the "MVRA") states that if victims' losses "are not ascertainable by the date that is 10 days prior to sentencing," the court "shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."  18 U.S.C. § 3664(d)(5).  This would allow the Court to move forward with sentencing without issuing a final restitution order, with any remaining restitution issues settled at a later date.  While it is the Government's position that the losses are ascertainable, and at this point undisputed as it relates to the Funds, the Court may elect to hold such a hearing at the Court's discretion under this statute. Under either scenario—issuing a restitution order at sentencing or holding a separate restitution hearing up to 90 days after sentencing—there is no reason to further delay sentencing and justice for the many victims of Mr. Mancini's criminal acts.

With respect to your request for assistance in recovering the Funds that the Italian Company, the Office is not in a position to take the steps requested in your letter nor does it have an obligation to do so.  According to your letter, the Italian Company will not release the Funds until certain "conditions" are met.  The Office cannot satisfy those conditions.  For example, the Office cannot assist in the negotiation and drafting of a "settlement agreement governed by Italian Law and subject to the Italian Jurisdiction."  Similarly, the Office has no authority to order that the Funds be paid to "a bank account controlled by the Court."  And while the Office can discuss the matter with the Securities and Exchange Commission (the "SEC"), the Office has no authority to stop the SEC from "rais[ing] objections."

In conclusion, this matter relates to restitution and should not further delay Mr. Mancini's sentencing.  The Government agrees that if and when the Funds are returned to the victims, that repayment will lower the restitution amount owed by Mr. Mancini.  The Government will also take reasonable steps to assist the victims in recovering the money your client took from them, including working with the SEC to have the Funds released by the Italian Company.  We appreciate Mr. Mancini's desire to help facilitate the return of the Funds, but to delay sentencing until that happens is unreasonable and would be a serious injustice to the victims of Mr. Mancini's crimes.

Sincerely,

James H. Graham
Assistant U.S. Attorney

cc: Honorable Claire C. Cecchi (via ECF only)
Daniel Carney, Senior U.S. Probation Officer (via ECF only)