2020R00170/LER/SD/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi, U.S.D.J. |
| v. | : | Crim. No. 22-253 |
| SAMUEL J. MANCINI, | : | JUDGMENT OF FORFEITURE (MONEY JUDGMENT) |
| Defendant. | : | |

WHEREAS, on or about April 7, 2022, pursuant to a plea agreement with the United States, defendant Samuel J. Mancini pleaded guilty to a one-count Information, which charged him with securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5;

WHEREAS, in the plea agreement, the defendant agreed to forfeit any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the securities fraud offense charged in the Information;

WHEREAS, as a result of the defendant's plea of guilty to the securities fraud offense charged in the Information, the Court is required to sentence the defendant to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any proceeds the defendant obtained as the result of such offense;

WHEREAS, based on the plea agreement, and for the reasons set forth on the record, the Court finds by a preponderance of the evidence that the United States has established that, as a result of the commission of the

securities fraud offense to which the defendant pleaded guilty, the defendant actually obtained proceeds totaling $__$10,615,000__;

WHEREAS, the Court finds that $__$10,615,000__ is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as property constituting or derived from the proceeds the defendant obtained from the offense charged in the Information; and

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. All property, real and personal, that constitutes or is derived from proceeds traceable to the securities fraud offense charged in the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, based upon the defendant's plea agreement, and for the reasons stated in this Order and on the record, the Court finds that the Government has proven by a preponderance of the evidence that the defendant is liable for a personal money judgment in the amount of $__$10,615,000__, representing the amount of proceeds obtained by the defendant as a result of the commission of the securities fraud offense charged in the Information.

3. A criminal forfeiture money judgment in the amount of $__$10,615,000__ (the "Money Judgment") is hereby entered against the

defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2(b).

    4.    All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

    5.    The Money Judgment may be satisfied with proceeds, or, if the requisite showing is made pursuant to 21 U.S.C. § 853(p), substitute assets. All payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America and deposited in the Assets Forfeiture Fund.

    6.    Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the

Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Samuel J. Mancini, shall be made part of the sentence of defendant Samuel J. Mancini, and shall be included in the judgment of conviction therewith.

8. The Clerk of the Court is directed to enter a criminal forfeiture money judgment against the defendant in favor of the United States in the amount of $__$10,615,000__.

9. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 19 day of March, 2024.

_____
HON. CLAIRE C. CECCHI, U.S.D.J.