**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SAMUEL J. MANCINI,<br><br>                Defendant. | Criminal Action No. 22-253<br><br><br>**ORDER** |

**CECCHI**, District Judge.

This matter comes before the Court on Defendant Samuel J. Mancini's ("Defendant") April 22, 2024, letter requesting reconsideration of the Court's April 19, 2024, Order (ECF No. 49) delaying his self-surrender date. This represents Defendant's third attempt to postpone his self-surrender date. On April 23, 2024, the Government submitted a letter in opposition. Defendant's request for reconsideration is **DENIED**.[1]

Defendant pleaded guilty to one count of securities fraud in violation of 15 U.S.C. § 78j(b) and § 78ff, and 17 C.F.R. § 240.10b-5. ECF No. 18 at 1. Following his plea, Defendant was sentenced on March 19, 2024, to a term of imprisonment of 71 months and a three-year term of supervised release; a criminal forfeiture judgment was also entered against Defendant in the amount of $10,615,000. ECF Nos. 44-45. Despite the Government's request for immediate surrender, the Court permitted Defendant to self-surrender to the United States Marshals on April 2, 2024. ECF No. 45 at 2.

However, in a March 26, 2024, letter to the Court, Defendant requested that he be permitted to self-surrender directly to the Bureau of Prisons ("BOP") on April 23, 2024, because "staying in

---

[1] The Court also denies Defendant's request for a hearing on this issue.

transitional facilities w[ould] be detrimental to his mental health." The Court granted this request

and delayed Defendant's self-surrender date to April 23, 2024. ECF No. 46. Thereafter, on April

12, 2024, Defendant submitted a *pro se* request to further delay his self-surrender date until May

23, 2024, on grounds that he was seeking reconsideration from the BOP of his assignment to FCI

Texarkana in Texas.[2] ECF No. 47. Defendant stated that this would be his "final" extension

request. *Id.* a 2. However, before the Court could even rule on that submission, Defendant made

yet another extension request through his counsel. In an April 17, 2024, letter, Defendant asserted

for the very first time that he required knee surgery following pain he began experiencing "in early

March 2024," prior to sentencing. He claims this knee pain is an exacerbation of pain he has

experienced ever since an April 2022 ankle surgery. To facilitate surgery and recovery, Defendant

requested a new self-surrender date of June 21, 2024, or later. The Government opposed this

request in an April 19, 2024, letter to the Court.

        In consideration of the circumstances, the Court delayed Defendant's self-surrender date

until April 30, 2024, but no later. ECF No. 49. The Court finds no reason to disturb that decision

at this time. Despite allegedly (i) experiencing aggravated knee pain in early March, (ii) having

already scheduled an MRI for April 11, and (iii) seeing a doctor to treat his knee pain for "the past

14 months," Defendant did not alert the Court of this potential issue until mere days before his

already-delayed self-surrender date. Notably, Defendant never raised his exacerbated knee pain

or the potential need for surgery in any pre-sentencing submission, at his March 19 sentencing

hearing, or in his March 26 and April 12 extension requests. In addition, the Government provided

text-message and photo evidence corroborating that Defendant was not only capable of, but

---

[2] The Court notes that, while it recommended Defendant's placement at FPC Yankton in South Dakota, ECF No. 45 at 2, that determination remains in the sole discretion of the BOP. *See, e.g.*, *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) ("The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence.").

actually skiing just one day after the MRI allegedly confirming his need for surgery. This evidence reasonably casts doubt on the alleged urgency of Defendant's medical treatment.

In any event, as the Government notes in its opposition, the BOP has indicated it is equipped to assess Defendant's medical needs upon incarceration and offer any necessary medical care, including knee surgery. While Defendant expresses a preference to undergo surgery with his own doctors, he concedes that such a procedure is possible while in custody. In light of the above considerations, the Court finds no basis to delay Defendant's self-surrender any further.[3]

Accordingly, it is on this 24th day of April 2024,

**ORDERED** that Samuel J. Mancini shall self-surrender to the Bureau of Prisons on April 30, 2024; and it is further

**ORDERED** that all other conditions of Pretrial Release as previously imposed shall remain in effect.

**SO ORDERED**.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[3] Insofar as the Government requests that Defendant be required to immediately self-surrender, that request is denied.

3