**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SAMUEL J. MANCINI,<br><br>Defendant. | No. 22-CR-253<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is *pro se* defendant Samuel J. Mancini's ("Defendant") motion requesting "an ex parte Order" to clarify the Court's earlier restitution Order and to obtain relief from the Bureau of Prisons' ("BOP") "withholding or denying . . . First Step Act credits [and] other benefits." ECF No. 58 at 2.

After Defendant pled guilty to securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5, ECF Nos. 15–19, the Court sentenced Defendant to a 71-month term of imprisonment, followed by a three-year term of supervised release, ECF No. 45. In its judgment, the Court also ordered that Defendant "shall make restitution in the amount of $10,515,000.00" and "recommended that [Defendant] participate in the [BOP's] Inmate Financial Responsibility Program" ("IFRP"). ECF No. 45 at 6–7. The Court further ordered that "[i]f [Defendant] participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months." *Id.* at 7.

Defendant appears to contend that he is participating in the IFRP but that the BOP is requiring him to pay more than $25 every three months. *See* ECF No. 58 at 3–4. Because this challenges "the execution of his sentence with respect to the purported BOP's modification of his

restitution payment schedule," Defendant must raise these issues in a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] *Jackson v. Zickefoose*, No. 12-5826, 2014 WL 185917, at *1 (D.N.J. Jan. 14, 2014), *aff'd sub nom. Jackson v. Warden Fort Dix FCI*, 574 F. App'x 57 (3d Cir. 2014); *Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241."); *see also McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010) ("The IFRP payment schedule and the sanctions imposed for noncompliance are part of the execution of McGee's sentence. Accordingly we hold that the claim that they are illegal and invalid falls under the rubric of a § 2241 habeas petition."); *Humphries v. Ortiz*, No. 16-9552, 2017 WL 651121, at *1 (D.N.J. Feb. 15, 2017).

"A prisoner who seeks relief under 28 U.S.C. § 2241 must file a separate petition under that statute, thus initiating a wholly new civil action independent from the criminal case in which [he] was convicted. . . . [A]ny such petition under § 2241 must name the inmate's custodian as the respondent." *United States v. Witts*, No. CR 06-258, 2011 WL 6056908, at *4 (E.D. Cal. Dec. 6, 2011), *report and recommendation adopted*, No. CR 06-258, 2012 WL 1081169 (E.D. Cal. Mar. 30, 2012). Additionally, a § 2241 petition "must be filed in the district in which the [prisoner] is confined."[2] *United States v. Berry*, 352 F. App'x 617, 618 (3d Cir. 2009).

---

[1] Defendant does not cite, nor is the Court aware of, any authority that allows a defendant to raise these issues through a motion in the criminal case in which he was convicted. *See United States v. McGruder*, No. 02CR132, 2023 WL 8868809, at *1 (D. Minn. Dec. 22, 2023) (noting that 28 U.S.C. § 2241 is the "proper procedural vehicle" to challenge the BOP's provision of an IFRP payment schedule as inconsistent with the sentencing court's underlying restitution order).

[2] Here, the proper district to file a § 2241 petition raising the issues in Defendant's motion appears to be the District of South Dakota, because Defendant is currently incarcerated at a federal facility in Yankton, South Dakota. ECF No. 58 at 1, 7; *see Chandler v. Cox*, No. 19-CV-4198, 2020 WL 1515379, at *1 (D.S.D. Mar. 30, 2020) ("Chandler brought his petition in the correct district [*i.e.*, the District of South Dakota] in that he was imprisoned in Yankton, South Dakota, when he filed the case."); *see also McGruder*, 2023 WL 8868809, at *1 (citing *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002) (holding that challenges to IFRP payment schedules are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out")).

Accordingly, **IT IS** on this 29th day of October 2026,

**ORDERED** that Defendant's motion (ECF No. 58) is **DENIED** without prejudice; and it is further

**ORDERED** that the Office of the Clerk of the Court shall mail a copy of this Memorandum Order to Defendant by regular mail.

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**